Dear Mr. Walters:
This office is in receipt of your request for an opinion of the Attorney General in regard to the application of the open meetings law to the Slidell Municipal Police Civil Service Board. The Civil Service Act for the Slidell Police provides a classified employee has the right to appeal the disciplinary action taken against him to the Civil Service Board. It is mandated, "All hearings and investigations conducted by the board pursuant to the provisions of this section shall be open to the public."
You indicate it has been the custom of the Civil Service Board to hear all of the testimony in such an appeal, and at the conclusion of the testimony to retire behind closed doors in executive session to deliberate and consider the decision. You ask if these deliberations are in the nature of "judicial proceedings" which are exempt from R.S. 42:4.1 through R.S.42:12 or must the Slidell Police Civil Service Board conduct its entire meeting, including its deliberation, during an open meeting.
Recognizing that there are limitations on when the Civil Service Board can go into executive session, you ask what are those limitations.
Following the earlier reasoning of this office, we must conclude that the deliberations are not exempt as judicial proceedings under R.S. 42:6.1. It was concluded the Civil Service Commission is not a judicial branch agency despite the fact that it performs certain quasi-judicial functions with respect to the hearing and disposition of appeals. It was found the State Civil Service Commission was a public body falling under the open meetings law, and there was no exemption from the requirements of those provisions. It was stated exemptions from the open meetings law are set forth in the body of that law and "only when those circumstances are present may the State Civil Service Commission prevent anyone from observing its meetings and deliberations." Atty. Gen. Op. No. 82-249.
The situations in which an executive session may be utilized is set forth by law in R.S. 42:6.1 and are the restricted exceptions to the requirement of open meetings. Those exceptions to the requirement of open meetings include (1) discussion of the character, competence or health of a person, (2) collective bargaining sessions after formal written demand or litigation is instituted, (3) security matters, (4) investigative proceedings regarding alleged misconduct, (5) cases of extraordinary emergency, (6) meetings of the state mineral board on matters of confidential nature, and (7) meeting of the school board and student on student's problems.
This office has further observed that the statute allows an executive session for "* * * any other matters now provided for or as may be provided for by the legislature." It was concluded if records are privileged under the Public Records Act then this should properly be interpreted to authorize an executive session to confidentially discuss the contents of the privileged records. The business during the executive session is limited to the discussion of theses privileged matters, and any formal action by vote must be taken in open session. A vote may not be taken during executive session and simply announced at the resumed open meeting.
We note an exception to the requirement of an open meeting when there is an "investigative proceedings regarding alleged misconduct" or when there is a discussion of the character, professional competence, or physical or mental health of a person. However, your inquiry indicates this is not the situation under consideration for you state testimony is taken, and following conclusion of the testimony the Board will "retire behind closed doors in executive session to deliberate and consider the decision." R.S. 42:4.2 defines meetings subject to the open meetings law as meetings convened by a public body "to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power." It appears clear that the situation under consideration would violate the open meeting law by deliberating behind closed doors as to the validity of disciplinary action.
While you acknowledge that all formal action must be taken in open, you question how deliberation is prohibited in executive session. However, you do state this is "where the issue is substantially decided".
As stated above a vote may not be taken during executive session and simply announced at the resumed open meeting. Matters in executive session must be limited to those specified by statute and a meeting to deliberate a matter over which the public body has supervision is subject to an open meeting when not within the exception of R.S. 42:6.1. This fulfills the essential purpose of the "open meetings" law as set forth in R.S. 42:4.1
by requiring public bodies to conduct public business in an open and public manner so that citizens are aware of the deliberations that go into making of public policy and protects citizens from secret decisions being made without public input.
Therefore, we must conclude in response to your inquiry whether "the Slidell Police Civil Service Board have to conduct its entire meeting, from alpha to omega, in the open with no opportunity for an executive session or a discussion behind closed doors", that this is generally true except for the statutory exceptions and to discuss privileged material.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR